NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SETH WALLACK,<br><br>            Plaintiff-Appellant,<br><br> and<br><br>SAN DIEGO VETERINARY IMAGING, INC.,<br><br>            Plaintiff,<br><br>  v.<br><br>IDEXX LABORATORIES, INC. and IDEXX REFERENCE LABORATORIES, INC.,<br><br>            Defendants,<br><br> and<br><br>MATTHEW WRIGHT and STEPHEN WALTERS,<br><br>            Defendants-Appellees. | No.   16-55648<br><br>D.C. No. 3:11-cv-02996-GPC-KSC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 6, 2017
Pasadena, California

Before: KELLY,** CALLAHAN, and BEA, Circuit Judges.

Plaintiff-Appellant Seth Wallack appeals the district court's grant of summary judgment in favor of Defendants-Appellees Matthew Wright and Stephen Walters, arguing that the district court erred when it held that the record does not establish a genuine dispute as to any fact material to Wallack's claim for breach of fiduciary duty. Because we agree with the district court's analysis, we affirm.

We review the grant of summary judgment de novo, "applying the same standard of review as the district court under Federal Rule of Civil Procedure 56." *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material if it could affect the outcome of the case. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Wallack's only claim on appeal—breach of fiduciary duty—arises from allegations that Wright and Walters withheld from Wallack their plans to sell the company the three owned together (DVMInsight) in an effort first to buy Wallack's

---

** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

share of the company at a discount, and then turn a profit on a later sale. Wright and Walters did eventually purchase Wallack's share of DVMInsight via their Stock Repurchase Agreement (SRA). Later, they profited considerably from selling the company to Idexx. But the SRA contained a mutual release which waived Wallack's right to sue Wright and Walters for any claim arising prior to the release's execution. Thus, in order for Wallack's breach of fiduciary duty claim to succeed, Wallack must show that either: (1) the mutual release is inapplicable to his claim for breach of fiduciary duty, or (2) his agreement to the SRA (and, by extension, to the mutual release it contains) was induced by the fraud of Wright and Walters or some other improper means, and is therefore voidable. Wallack makes both arguments, but neither is convincing.

1. First, Wallack attempts to show that the mutual release does not apply to his claims of fraud by Wright and Walters. He urges us to reverse on the ground that the district court skipped over his argument that Appellees "breached" the SRA itself. Because the language of the mutual release of the SRA explicitly allows claims "for breach[es] of this agreement," Wallack argues that the mutual release is inapplicable. But Wallack's claim is not for breach of the SRA contract, or of any contract, but for breach of fiduciary duty. The SRA clearly carves out an exception for the breach of contract claim, but not the breach of fiduciary duty claim: "The only possible claim between the two sides that can survive this release will be one

3

for breach of this agreement, and any such claim is specifically preserved from this release." Wallack pleaded, and the district court granted summary judgment against, a claim for breach of fiduciary duty. Neither Wallack's brief before this court nor his summary judgment briefing below explains why the court should expand the exception made in the mutual release of the SRA for a breach of contract claim to include the claim of an earlier breach of fiduciary duty. We therefore decline to do so and hold that the mutual release is applicable to Wallack's claim for breach of fiduciary duty.

2. Because the mutual release applies to Wallack's claim for breach of fiduciary duty, Wallack's remaining chance of success is to show that the mutual release is voidable. His second argument therefore focuses on the claim that the mutual release was induced by a fraud committed by Appellees, Wright and Walters.

Before addressing Wallack's specific arguments, which take aim at the particular ways in which the district court reached its conclusions, it is helpful to explain Wallack's basic theory of the case. Wallack claims that Appellees negotiated with Idexx, and arranged for the sale of DVMInsight prior to the SRA, but withheld their plans from him to obtain Wallack's share at a discount. If this were true, then Appellees breached their fiduciary duties to Wallack, a fellow shareholder, by withholding from him information pertinent to the sale of his shares.

4

As part of this overall theory, Wallack also accuses Appellees of planning to "steal" the DVMInsight trademark and sell it to Idexx at the later transaction.

In reaching its conclusion that the record contained no genuine dispute as to any fact material to Wallack's breach of fiduciary duty claim, the district court specifically discussed the lack of evidence in the record to suggest that Appellees ever planned to "steal" the DVMInsight trademark.[1] Wallack makes this discussion a centerpiece of his briefing before this court. Specifically, he argues that the district court erred by focusing on whether Appellees intended to sell the DVMInsight trademark to Idexx, when it should have focused on (1) "whether there was a genuine dispute of material fact as to whether [Appellees] committed fraud in the inducement and/or concealment of material facts in obtaining the mutual release," and (2) "whether there was a genuine issue of material fact as to whether [Appellees] committed a breach of fiduciary [duty] that was actionable by Wallack." Wallack submits that he established a genuine dispute as to facts (1) and (2), and that his "inability to prove (and almost impossibility to prove) that . . . [Appellees] intended to sell the trademark to Idexx" should not have decided the case. Wallack's argument misses the mark for at least two reasons.

---

[1] Wallack moves this court to take judicial notice of several documents related to his claim about the DVMInsight trademark. The documents contain matter irrelevant to the issues of this case. Notice of them would not change the outcome of this case. Therefore, his motion for judicial notice is denied.

First, the district court focused on whether Appellees were planning the sale of DVMInsight to Idexx at the time of the SRA because it determined, quite reasonably, that Wallack's case depended on that premise for its success. After all, it is Wallack's contention that Appellees induced the SRA and breached their fiduciary duties by concealing information from him that was pertinent to his decision to sell his shares—namely, information about another, eventual deal between DVMI and Idexx once Wallack was out of the way. Wallack theorizes that Appellees were in secret contact with Idexx, and that Appellees pushed Wallack to sell his shares at a discount so they could turn around and sell the company to Idexx for a profit. The district court correctly observed that if Appellees were not planning the sale at the time of the SRA, then Wallack's theory falls apart. And, in finding that Wallack had failed to produce evidence tending to show that Appellees at the time of the SRA planned to "steal" the DVMInsight trademark and sell it to Idexx, the district court reached one of the core issues in this case. Thus, it was not error for the district court to grant summary judgment in part because Wallack failed to establish a genuine dispute of fact as to whether Appellees intended to "steal" the DVMInsight trademark at the time of the SRA's execution.

Second, although the district court discussed the trademark issue, it was by no means the only (or even the primary) issue on which the court based its decision. The district court granted summary judgment in favor of Appellees only after

6

methodically analyzing each of Wallack's factual claims to determine whether Wallack had established a genuine dispute as to any fact material to his claim for breach of fiduciary duty. We agree with the district court that there is no evidence in the record to support the claim that Appellees were planning the later sale to Idexx before they bought Wallack's shares, and thus there is no genuine dispute as to any fact material to Wallack's claim. *See* Fed. R. Civ. P. 56; *see also Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) ("Where a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense.") (citations and internal quotation marks omitted). Thus, Wallack's second argument fails.

3. Finally, Wallack finds fault with the district court's order for granting summary judgment in partial reliance on Wallack's *awareness*, prior to the SRA, of several of Appellees' alleged breaches of fiduciary duty. Wallack argues that his awareness should not matter because Appellees committed breaches of their fiduciary duties and induced the SRA by fraud.

Even if Wallack could establish that Appellees committed breaches of fiduciary duty, which he cannot, whether he knew about the alleged breaches before signing the SRA *does* matter—it bears directly on the question whether the mutual release was induced by fraud or concealment. If Wallack knew about Appellees' conduct, then the SRA was not induced by Appellees' concealment of that conduct.

7

Nevertheless, in the end, even if Wallack were right that his awareness is irrelevant, he still could not overcome our affirmance of the district court's determination that he failed to establish a genuine dispute as to any of the facts material to the success of his case. Relying on his awareness of Appellees' breaches to validate the mutual release presumes that breaches occurred—a factual claim which Wallack has failed to support with evidence and about which he has thus failed to establish a genuine dispute. His final argument therefore is unavailing.

**AFFIRMED.**